The first case for today is number 2015-10874, United States of America v. Theresa Calton. Mr. Wright, you may proceed with your argument. Thank you, Your Honor, and may it please the Court. I am Matthew Wright, here on behalf of Theresa Calton, and everyone here today agrees that the District Court was wrong about its power to reduce Mrs. Calton's sentence. Everyone here agrees, as a matter of historical fact, that the District Court calculated her guideline range at sentencing using Chapter 2, the drug quantity guideline, and therefore we also agree that she was eligible for a reduction in sentence under 3582, because Amendment 782 lowered her range. The process broke down when the District Court was reciting those historical facts about its own ruling. The Court made what was, in essence, a clerical error. It misremembered what it had done and stated that it had utilized the Chapter 4 career offender guidelines rather than the Chapter 2. The government asks this Court to elevate that mistake to the status of a fully litigated, fair, and final judgment solely because it was embodied in an earlier order and because Mrs. Calton, an incarcerated defendant who was denied multiple requests for counsel, was unable to discern the hidden deadline to appeal that order was 14 days rather than the 30 that she believed. This cannot be the law, Your Honor. Counsel, assuming that we agree with you that this would not be raised judicata if we were to look at this fresh, just this is assuming, argumento, would you, would we have to distinguish our unpublished case or overrule our unpublished case in Harcourt? Well, Your Honor, I'm not sure that the Court would have to do either of those with an unpublished decision. It was a great panel that decided Harcourt. I think that they were not. You've got two of three here, don't you? I did notice that, Your Honor. It was a great panel. You wouldn't have to distinguish the case because Harcourt wasn't dealing with this situation. In that same opinion, the Court said his motion is frivolous, right? His motion, he was not eligible at all. So you didn't have the situation we have here where there is a conflict between what the District Court did and what the District Court later said it did. But we, sua sponte, said it was frivolous because it was barred by res judicata in addition to being not correct on the merits. And so we, that was one of our reasons. It was one of the reasons, Your Honor. I'll say that Harcourt was not concerned with the difference between res judicata and law of the case because they were the same. In other words, some of the subtle differences that are important in this case weren't important in Harcourt. It wasn't something that the Court considered. I'm not sure that the Court had the Castro case from the Supreme Court before it, which I think changes the way that you would approach it. And it just makes sense that you wouldn't take time sorting out these sort of more difficult or ephemeral issues in a case where there was absolutely no chance for relief. We don't have to recall our mandate to give you any relief. Not at all, Your Honor. That relief is in the alternative because the government has argued very vigorously that we should treat this mistaken order like a real judgment. We think that's wrong for all the reasons we've stated. But if you... What's the cleanest path for you to prevail? What would you want us to write? What I would want you to do is to say that August 2015 order was wrong as a matter of law. And I'm talking about, that's the order in response to the second motion. In that order itself, the District Court adopts the same mistaken reasoning. In other words, this isn't a case where the District Court said merely I've already decided this and you're out of court. The District Court continued to believe mistakenly that it had calculated the guidelines the other way. We ask that you rule on the August motion on its own terms because that's how it was presented to the District Court. And simply reverse that order, vacate it, instruct the District Court, because Ms. Kalten has not been able to do it despite several attempts, you really did calculate her guidelines using the Chapter 2 guidelines. I mean, one of the ironies of this case is Ms. Kalten asked to be sentenced under the career offender table of Chapter 4 at sentencing. We would love for that to be the truth because her sentence would be even lower than the one that she's eligible to be reduced to. But it's not. The District Court utilized the crack cocaine guidelines, the quantity guidelines. The District Court was very impressed at sentencing with the mitigation arguments that she offered, but just wasn't willing to go below the guideline range. The commissions lowered it now. The most straightforward way to rule for us is to say that August 2015 order was wrong. It was wrong on the first step of the 3582 process where the court recognized or did not recognize its own authority to grant. And so we're only asking for a ruling on the motion freed of this mistaken remembrance of the past. And she's entitled to that under the law. She's entitled to that under 3582C. She's entitled to that under Guideline 1B1.10 in Amendment 782. How much is this going to reduce her sentence? If she gets a comparable sentence at the bottom of the guideline range, it'll go from 262 months to 210 months. So more than four years are at issue here. She's still be in prison irrespective of what we rule. I think that's correct, Your Honor. I don't think she hasn't been in long enough to satisfy the 210-month sentence. But we don't, we don't, we just send it back. You just send it back to the District Court. That's all we're asking for is a ruling with a proper understanding of the court's jurisdiction. So in that sense, this is truly a legal statutory error of what the court has the power to do. If the court has questions about any of the various doctrines decided by the government, I'm happy to address those. But at a basic level, the judge just messed up and didn't mess up in a way that we're making substantive arguments. You know, the judge got a legal judgment wrong, just misremembered the court's own actions. So that mistake cannot be elevated to a judgment, to the status of a fully litigated judgment. And if there's any doubt about that at all, look at the process. And we have a published case that says it's not a, it isn't called Alvarez, it says it's not a fully, it's not a judgment. The denial of the motion doesn't count as a, as a, as a step in the criminal process. There's a, there's a, an appointment of counsel. It's the same, it's tied up in the bow with the previous. Right. They're, they're, they're, they're essentially, it's a continuation of the same proceeding. And I think a good illustration of that is Ms. Kelton's arguments that she raised in her pro se brief. And I can totally understand where she's coming from on it, that this court subsequently said in cases like Hinkle and Tanksley, she's not even a career offender. I mean, she's not even eligible for that. Unfortunately, with the system that Congress has given us right now, I'm not allowed to come in on her behalf and say, you know, revisit the original guideline calculations. 3582 doesn't give the district court that power. And why aren't you? I'm sorry? Why aren't you? Well, because again, I don't think 3582 gives the court the power to revisit its guideline calculations at the eligibility stage. There is, I mean, the statute says it's got to be consistent with the policy statements of the commission. 1B1.10 says you can only lower it if it lowers your guideline range. So I think this is very relevant on the second stage, on that discretionary step, in addition to all of the rehabilitation that she's done in prison. The court could also consider the fact that, by the way, she isn't really a career offender, right? So in terms of exercising its discretion, right now I have to concede that the law limits us to only the retroactive amendment, what it gives us for drug quantity guideline. But we should at least have that. I do have another question. If we consider it through 1291, if we were to not consider it through 1291, would we be creating a circuit split, or is there someone else who did not consider it through 1291? I'll say that it is not just about 3582 appeals. The status of federal court jurisdiction of sentencing appeals after Booker's remedial opinion is just a mess. You know, because 3742 is designed for the mandatory sentencing guideline system, and so it's a little complicated to say which it is. And normally, even in a regular criminal appeal, the courts will just say, we take jurisdiction  What is the difference? The difference is 3742 appears to limit the grounds for which a defendant could appeal. So it's got to be, in my case, I don't have to go any, I'm happy to proceed under 3742 because it's in violation of the law. And this court, and all the courts. We went either way. Either way we went. We don't have to clear that up for the circuit, but the D.C. circuit has clarified that recently. Right. Right. And the logic of applying 3742 to the extent that statute limits court's review is when there is a second sentencing, when there is a reduction of sentence. So at that second step, the judge is not doing a full re-sentencing, but something very sentencing-like. Then you're essentially looking for the same kind of abuse of discretion review you would get of the original sentence. And you think it's technically 1291? I do. I do. Because, again, it's a final judgment, and that one clearly gives the authority to do it. The logic of limiting appellate jurisdiction goes like, well, if Congress grants jurisdiction over a situation specifically, then that narrower jurisdictional statute prevails over the general. That's why courts apply 3742 when they do. But here it's not even obvious that 3742 was meant to deal with this kind of amendment. I'll say that in the Supreme Court's opinions where they've had several now, including one recently last term that we haven't talked about because it doesn't affect a first-step inquiry. Even the Supreme Court doesn't say which one it is. They're not worried about it. It's just this is something the district court did. It is a final decision in the sense of appellate jurisdiction. And so I think 1291 is the right answer, but I don't think you have to specify in this case, given that both of those statutes lead to relief for my client. Okay. Thank you. Thanks. You've saved time for rebuttal. Mr. Portugal? May it please the Court, Brian Portugal for the United States. The most expeditious path for the panel to move forward with this case is to follow the With respect to the motion at issue, the parties are identical. The court below was of competent jurisdiction. There was a final judgment. It is the same cause of action. But the Harcourt case is not consistent with our published case in Alvarez that says it's part of the same proceeding. Isn't that true? So that's a problem for us to continue to follow this unpublished case if it's inconsistent with our published case. You have to have a judgment as separate, and you don't. It may be somewhat inconsistent with Alvarez, but it is fully consistent with Leach, which describes 3582 as being a different proceeding and assumes jurisdiction under that basis. And which is first? Alvarez comes first, but with respect to appellate jurisdiction, the court could find jurisdiction under 3742, and that's what the government urges. But 3742 governs appeals of sentences. This is an appeal from a denial of a motion for a sentence reduction, not an appeal of a sentence. It's not an appeal of a sentence in a vacuum, Your Honor, but as the Sixth Circuit found in Bowers, it should come under 3742. 3742 was enacted as part of the same statute as 3582, and therefore evidences a congressional intent to limit sentencing appeals however they come to the courts of appeals. So you would say that the D.C. Circuit, Judge Williams writing with Judges Wilkins and Kavanaugh, is incorrect in Jones? Yes. I would urge the court to follow the Sixth Circuit and Bowers. So we have to — I'm sorry, Your Honor. So you believe that the Jones case is wrong? I believe that any case from the other courts of appeals that are cited in our briefs that take jurisdiction under 1291 are incorrect. And in addition to the discussion in Bowers of finding 3742 as the proper basis for jurisdiction, I would also point the court to the dissenting opinion in the Ninth Circuit from Judge O'Scanlan. Okay. And how many circuits then — it's the Sixth versus Four Circuits, is that correct? I believe that is correct, Your Honor. It is one, two, three — three or four that are against the Sixth. And you want us to align with the Sixth? That's correct. You don't argue that this is not a final judgment, do you? No, Your Honor. I think the court clearly has appellate jurisdiction here, and in that sense, to get back to the discussion Judge Elrod was having with my friend at the bar, the court doesn't need to decide here which statute gives it jurisdiction. The parties agree that the court does have appellate jurisdiction. So we could just say under either — I'm sorry, go ahead. So under either 3742 or — I'm sorry, 1291 — that we have jurisdiction under either, and we don't — so we don't have to — we just can say we have jurisdiction? You can say that, Your Honor. The government would urge you, however, not to decide — well, the government would prefer that you go under 3742. If you choose not to decide, the government would prefer that you make that clear, that you're not saying that 1291 is the proper basis because we think that's wrong. But we're having a good argument with really fine attorneys, and maybe — and all these other circuits have weighed in on this. Maybe we should weigh in on this. And that, of course, is the court's prerogative here, and the government would just urge the case. With res judicata applicable, the court should affirm on that basis, if, however, the court believes that the 3582 motion at issue is not a standalone proceeding, as Leach describes it, but an ancillary proceeding to the criminal case, the court should apply the law-of-the-case doctrine to bar the appeal. Didn't you concede in your initial brief in case number 15-10874 that the law-of-the-case does not apply because there is no prior appellate decision that would bind the court's determination here? Well, the government made a statement that it was doubtful, to be sure, Your Honor. But then the next sentence after the citation, I believe, points out that the court could The government was not sure, but the court could treat a non-merits disposition as a prior decision, such the law-of-the-case doctrine would still apply. Even though you think it's doubtful, we should do that. Well, doubtful in the original brief, without the benefit of the adversarial process, against very competent and learned counsel on the other side. The law-of-the-case doctrine would apply notwithstanding that there is an exception to the law-of-the-case doctrine that the prior decision was clearly erroneous and would work a manifest injustice. Here there would be no manifest injustice. As my friend at the bar discussed with Judge Jolly, the sentence here is still within the Well, is that the test? Four years is a long time. It is four years and speculative, Your Honor. The motion here only, as this court has described, is it's a congressional procedural vehicle to make the case for leniency to the district court. Have we said that it's not a manifest injustice if it's within the same guideline range? Have we ever said that? You have not said that, Your Honor, but in Becerra, you weighed a guideline error against the government and precluded the government from showing in a subsequent appeal that a sentencing guideline should apply in its favor because, just as Ms. Calton did, the government failed to bring something timely to the attention of the court. So I would submit that that shows that the court treats guideline error in a way that I'm suspect that guideline error could ever rise to the level of manifest injustice, especially in light of the Supreme Court's decision in Beckles that the guidelines are not even subject to vagueness challenges. And I'm sorry, how would law of the case apply if there's no appeal? If there's no appeal? I'm not sure. It doesn't apply. Why would it apply if there's no appeal? Because the doctrine takes account of the fact that an appeal could have been timely raised and was not. But under the law of the case doctrine, an issue of fact or law decided on appeal may not be reexamined. That's a definition of law of the case from one of our cases in U.S. v. Matthews. It uses the word decided on appeal. You can see that this was not decided on appeal in the prior matter, right? Right. But that's that the doctrine is qualified also by the waiver doctrine, and that's explained in medical center pharmacies, that an issue that could have been raised on appeal but was not effectively bars raising that issue subsequently under law of the case. Because the court can proceed either under law of the case or res judicata, the government prefers that it proceed under res judicata. Why would res judicata apply to a successive 3582 motion in the same case? Because as Leach treats the 3582 motion as, in essence, kind of a new cause of action. It's a statutorily authorized mechanism for a prisoner to bring a case of to make a case for discretionary leniency to the district court. And there can be — But even if — I'm sorry. You go ahead and finish. Yes, Your Honor. There can be more than one 3582 motion that is properly lodged by a prisoner. It just has to come under a different amendment. So each time there's a new amendment that arguably applies to the prisoner, they can bring this new cause of action. I've always understood res judicata as applying to collateral attacks on the result of a completed suit. But here you've got just a successive motion within the same suit. And that was sort of my — the hiccup I was having. That's fair, Your Honor. And in that respect, it does look a little bit more like law of the case than res judicata. But we have the benefit of the unpublished opinion in Harcourt. And, of course, we're going to advocate for that. But the hiccup that is described, I believe, by Judge Willett is more than a hiccup because it's also what we determined in the Alvarez case. That's a published case, isn't it? I cannot dispute Alvarez, Your Honor. Okay. If the Court doesn't have any further questions, I'm happy to rest on the briefing and ask you to affirm the judgment. Thank you. Briefly, Your Honor, whether we're approaching this under res judicata or law of the case, I think Castro really speaks to the situation. And just to remind the Court of the facts of that case, the criminal defendant filed a post-judgment motion. The district court recharacterized that motion as a 2255. The defendant appealed but didn't challenge the recharacterization of that order. So, I mean, every opportunity to contest it on appeal. Then later, the defendant filed a true 2255. All of the government's arguments would have stopped this Court or the Supreme Court or In other words, that was something that could have been appealed the first time. And the Supreme Court said, no. It said, even assuming that the law of the case doctrine applies here, which they don't grant, it wouldn't stop us. It doesn't bind the Court's power. It doesn't, you know, stop the Court's power. That's the situation we have here. All I need to win is to convince you that the district court had the power to grant that August motion. You're not doing the district court any favors by saying you can make, let's be honest, a fairly embarrassing mistake. And then because your pro se defendant didn't know when to appeal it, you can never fix it? That can't be right, Your Honors. And I also want to say that as you write this opinion, whether you're addressing a jurisdictional point or not, think of the lawyers who have to go explain it to their clients. I mean, if the government prevails here, it's going to feel like a shell game. You don't get a lawyer because this isn't really a step in the criminal case, but you had to file the appeal within 14 days because it is sort of a step in a criminal case, and we're applying the civil doctrine of res judicata even though you never had a chance to be heard on. It's really very ably argued, but at its heart, we've just got a mistake. And we've got the kind of mistake that is not a matter of judgment, but just a matter of recall or recitation. This is about what the Court itself did. And we ask you to go no further in this case. Regarding the jurisdictional point, if 3742 doesn't apply, if we don't have a sentence here, then it can be set aside. If it is treated as a sentence, and I don't know why it would be, it's in violation of the law because the district court misunderstood its own power to grant the motion. 1291, in other words, catches whatever 3742 misses in this case. So whether under the one statute or the other, this Court has jurisdiction, the district court had the power to grant the motion, and we ask that the Court be so instructed and the case be remanded. If there are no further questions, Your Honor. Thank you. We have your argument. This case is submitted.